## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Chad Tyree,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0939**    (BOR Appeal No. 2056820)
(Claim No. 2017029055)

**State Electric Supply Company,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chad Tyree appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), dated October 21, 2021, which affirmed the Workers' Compensation Office of Judges ("Office of Judges"). Respondent State Electric Supply Company filed a timely response.[1] The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator granted an 8% permanent partial disability award on April 7, 2020, and the Office of Judges affirmed the granting of the 8% award on May 18, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Tyree, a truck driver for State Electric Supply Company, sustained an injury to his back on May 31, 2017, while loading boxes and equipment into the back of a truck. An Employees' and Physicians' Report of Injury dated June 2, 2017, diagnosed lumbar muscle sprain due to an occupational injury. On June 14, 2017, the claims administrator held the claim compensable for low back strain. An MRI dated May 19, 2018, revealed a moderate to large disc herniation centrally at the L4-5 level, which was predominant, and an inferior disc extrusion with associated deformity of the thecal sac on the right greater than left L5 nerve roots, with moderate spinal canal narrowing at this level. The claims administrator added disc herniation as a compensable component in the claim on December 12, 2018.

In an independent medical evaluation report dated August 6, 2019, Paul Bachwitt, M.D., stated that he reviewed Mr. Tyree's medical history and conducted a physical examination. X-rays of the lumbar spine showed diminished space at L4-5. Dr. Bachwitt recommended a repeat lumbar MRI and opined that referral to a neurosurgeon was reasonable and necessary in Mr. Tyree's claim. Dr. Bachwitt further recommended that an L4-5 laminectomy should also be covered under the compensable injury if the neurosurgeon believed that surgery was necessary.

---

[1]Petitioner Chad Tyree is represented by Reginald D. Henry, and respondent State Electric Supply Company is represented by Maureen Kowalski.

Mr. Tyree underwent another MRI on October 1, 2019, which revealed a large central disc herniation at L4-L5, similar to prior examination of May 19, 2018, and a localized left paracentral disc herniation at the L5-S1 level. The left paracentral disc herniation at L5-S1 represented an interval change from Mr. Tyree's previous exam. After receiving the results of the MRI, Dr. Bachwitt submitted another independent medical evaluation report dated March 16, 2020, stating that he did not see clinical findings of a herniated disc. Dr. Bachwitt reported that Mr. Tyree has a mechanical back strain superimposed on a degree of degenerative spondylitic arthropathy and a small central herniated disc at L4-L5 with no straightforward surgically remediable spine pathology. Under the Range of Motion model of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Mr. Tyree was placed into Category II-B, Table 75, which indicates a base rating of 5% whole person impairment. Due to restriction of forward flexion, Dr. Bachwitt found 5% impairment. The base rating of 5% combines with the motion restriction to equal 10% whole person impairment. Mr. Tyree was then classified under Lumbar Category II of West Virginia Code of State Rules § 85-20-C, and the rating was adjusted to 8% due to accepted ranges for the category. On April 7, 2020, the claims administrator granted Mr. Tyree an 8% permanent partial disability award based on the report of Dr. Bachwitt. Mr. Tyree protested the claims administrator's order.

Treatment records of John H. Schmidt III, M.D., with West Virginia OrthoNeuro, dated November 14, 2019, listed Mr. Tyree's complaint as low back pain that is sharp and dull. The pain is worse with physical activity and is better when stretching, sitting, or resting. Mr. Tyree also reported having some numbness in his hands and both of his legs, as well as some weakness. Dr. Schmidt reviewed the lumbar MRI results conducted on October 1, 2019, and stated that the results demonstrate a small discrete and central herniated disc at L4-5 with slight migration inferiorly. He did not see significant thecal sac or foraminal or root encroachment or compression. Dr. Schmidt opined that Mr. Tyree has chronic musculoskeletal mechanical back strain superimposed on a degree of degenerative spondylitic arthropathy and a small central herniated L4-5 disc. Dr. Schmidt also did not see evidence of straightforward surgically remediable spine pathology. He recommended visiting pain management to develop a strategy in managing the chronic and nonsurgical aspect of his condition possibly to include facet injections or epidurals. It was determined that Mr. Tyree had reached his maximum degree of medical improvement from his work-related injury.

Mr. Tyree was deposed on June 15, 2020, and testified that he injured his back on May 31, 2017, which was accepted as a diagnosis of disc herniation in the back. After seeing Dr. Bachwitt for an independent medical evaluation, he treated with Kimberly Nemati, PA-C, his primary care provider, at New River Clinic. Mr. Tyree testified that he was given a second round of physical therapy and a referral to a pain clinic. He sought treatment because he experienced increased discomfort. He also testified that he was scheduled for a second opinion evaluation with Dr. Kominsky. Although he was currently working, he could not really run or react quickly because jerking motions caused him pain. He stated that he cannot participate in many outdoor activities such as walking a riverbank to fish or climbing a tree stand. Mr. Tyree stated his back pain has progressed since the date of injury, and he has stabbing/burning pain into his legs with numbness. Mr. Tyree reported that his previous employer terminated his employment, and he now works a

2

different job. He was having difficulty with his job because he experienced pain when he moved freight. He said he has anxiety now due to the process and that he felt he was held back from obtaining the medical care needed to get better. Mr. Tyree testified that he looks forward to the opportunity to go to the pain management clinic.

Dr. Bachwitt issued an addendum report on June 25, 2020, after reviewing the referral by Kimberly Nemati to a pain management facility due to displacement of lumbar intervertebral disc without myelopathy and other intervertebral disc displacement under the lumbar region. It was Dr. Bachwitt's opinion that Mr. Tyree was not in need of additional physical therapy or a pain management referral for the May 31, 2017, compensable injury. Dr. Bachwitt did not find any clinical evidence of a herniated disc at the time of his examination and found that Mr. Tyree had reached maximum medical improvement. Within a reasonable degree of medical certainty, Dr. Bachwitt opined that any ongoing symptoms of his lumbar spine and any treatment required for his low back would most likely be related to his preexisting degenerative changes of the lumbar spine and not the compensable injury.

Michael J. Kominsky, D.C., examined Mr. Tyree for an independent medical evaluation on August 11, 2020, and reported that the patient continues to have daily complaints of lower back pain that is made worse by lifting, twisting, and sitting for prolonged periods of time. He also has right lower leg pain that causes numbness and tingling throughout the day, and weakness. Dr. Kominsky noted that Mr. Tyree continues to have symptoms associated with his injury on a daily basis that include lower back pain, stiffness, sharp shooting pains in the right posterior leg, and weakness of the right lower leg. The assessment was large central disc herniation at L4-L5, right L5 radiculopathy, and chronic lumbosacral sprain/strain. Dr. Kominsky opined that Mr. Tyree sustained a permanent impairment as a result of his March 31, 2017, injury. For the lumbar spine, Dr. Kominsky assessed 7% whole person impairment due to abnormal motion. He also assessed 5% whole person impairment for neurological deficits. Combining 7% whole person impairment due to range of motion deficits, and 5% from the diagnosis based component with 5% due to neurological deficits, Dr. Kominsky opined 20% whole person impairment. He then adjusted the amount based upon Lumbar Category III to 13% whole person impairment. Dr. Kominsky determined that Mr. Tyree's preexisting degenerative changes are not a contributing factor in his final impairment, and no apportionment was assigned to the final impairment.

In a deposition dated November 4, 2020, Mr. Tyree testified that on May 31, 2017, while loading boxes and various equipment, he injured his back. He took a step out of the back of a truck and felt severe pain in his back. He stated that he currently works for Southern States running a register. He testified that he does not have a history of low back problems and has no previous workers' compensation injuries or car wrecks. Mr. Tyree treats with Kim Nemati and reported that he had an appointment with her on the day of the deposition. He had been through two rounds of physical therapy at Active Recovery Physical Therapy, and he continued therapy after the denial of his claim because treatment helps.

In a decision dated May 18, 2021, the Office of Judges affirmed the April 7, 2020, claims administrator's order awarding Mr. Tyree an 8% permanent partial disability award. The Office of Judges noted that the record contains two medical reports rating Mr. Tyree for permanent partial

disability. They include the report of Dr. Bachwitt dated March 16, 2020, and that of Dr. Kominsky dated June 18, 2020. The main difference between the two impairment ratings is the placement of Mr. Tyree in Lumbar Category II versus Category III. Dr. Bachwitt found that he had no neurological deficits, while Dr. Kominsky opined 5% neurological impairment. The Office of Judges reasoned that Dr. Bachwitt's opinion is supported by Dr. Schmidt, who opined that Mr. Tyree has a chronic musculoskeletal mechanical back strain superimposed on a degree of degenerative spondylitic arthropathy and a small central herniated disc at L4-5. Because Dr. Bachwitt provided a very detailed account of how he conducted his physical examination and how he arrived at his findings, the Office of Judges determined his report deserves greater evidentiary weight than that of Dr. Kominsky. It was concluded that Mr. Tyree is entitled to no greater than the 8% permanent partial disability award previously granted. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on October 21, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning of the Office of Judges, as affirmed by the Board of Review. There is sufficient support in the evidentiary record for the Office of Judges to conclude that the report of Dr. Bachwitt is entitled to greater evidentiary weight than that of Dr. Kominsky. Dr. Kominsky's physical examination section of his report is simply tables noting test results and does not include the factual findings of all tests, evaluations, and examinations that were conducted and the manner in which they were conducted. As such, the Office of Judges did not err in concluding that Dr. Bachwitt's report and opinions are entitled to greater evidentiary weight in the record. The Board of Review's order is affirmed.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn